FILED
2013 JUL 23 PM 1:04

Stephen H. Krumm    SBN 61785
Email:    SHKrumm@aol.com
15456 Dickens Street
Sherman Oaks, CA 91403-3008
Ph:    818-906-3333
Fax:    818-906-1115

Attorney for plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| Jamalediin Emtiyaz,<br><br>Plaintiff,<br><br>vs.<br><br>(1) Mark Nezam Emtiaz;<br>(2) Pacific World Trade, Inc., a California Corporation;<br>(3) Pacific World Discovery LLC, a California Corporation;<br>(4) Pacific World Marine LLC, a California Corporation;<br>(5) Pacific World Properties LLC, a California Corporation;<br>(6) Pacific World Investments LLC, a California Corporation; and<br>(7) Pacific World Holdings LLC, a California Corporation.<br><br>Defendants. | Case No.<br>2:2013-cv-00391-BRO-JEM<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT, COMMON COUNTS, FRAUD, BREACH OF FIDUCIARY DUTY AND FOR SPECIFIC PERFORMANCE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Hon. Beverly Reid O'Connell, Judge Presiding |

Plaintiff, Jamalediin Emtiyaz, by and through his undersigned counsel, alleges as follows:

///

///

---

1

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## Jurisdiction

1. This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and an amount in controversy greater than $75,000.

## Venue

2. Venue is proper pursuant to 28 U.S.C. § 1391 because the defendants, and each of them, reside in this district.

## Parties

3. Plaintiff is a citizen of Iran and a resident of Paris, France.

4. On information and belief, defendant Mark Nezam Emtiaz is a United States citizen and a resident of Los Angeles, California.

5. On information and belief, Defendant Pacific World Trade Inc., is a California corporation, with its principal place of business in Los Angeles, California.

6. On information and belief, Defendant Pacific World Discovery LLC, is a California limited liability company, with its principal place of business in Los Angeles, California.

7. On information and belief, Defendant Pacific World Marine LLC, is a California limited liability company, with its principal place of business in Los Angeles, California.

8. On information and belief, Defendant Pacific World Properties LLC, is a California limited liability company, with its principal place of business in Los Angeles, California.

9. On information and belief, Defendant Pacific World Investments LLC, is a California limited liability company, with its principal place of business in Los Angeles, California.

10. On information and belief, Defendant Pacific World Holdings LLC, is a California limited liability company, with its principal place of business in Los Angeles, California.

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## Statement of Facts

11. Plaintiff is the founder, majority shareholder and Chief Executive Officer of the AKN Group of companies. Plaintiff has his principal place of business in Paris, France.

12. In 2003, Plaintiff started implementing plans to expand his business into the United States. He approached his older brother, Defendant Mark Nezam Emtiaz, who had emigrated to the United States, to join AKN Group and to manage Plaintiff's investments in the United States.

13. In or about the Summer of 2003, Plaintiff and Defendant Mark Nezam Emtiaz entered into an oral agreement ("Agreement") pursuant to which the parties agreed, among other things, that:

   a. Defendant Mark Nezam Emtiaz would work with Plaintiff to expand AKN group's business in the United States;

   b. Defendant Mark Nezam Emtiaz would devote his full time efforts to manage all aspects of AKN group's business in the United States in exchange for (1) compensation comparable with that which he had been earning, and (2) 15% of the ownership interest in AKN's businesses in the United States;

   c. Plaintiff would fund the AKN group's business in the United States by way of loans made to the businesses as directed by Defendant Mark Nezam Emtiaz;

   d. Defendant Mark Nezam Emtiaz would hold in trust for the benefit of Plaintiff the 85% ownership interest of plaintiff in AKN's businesses in the United States and that would transfer such interest to Plaintiff upon request;

   e. Defendant Mark Nezam Emtiaz would regularly report on the status of AKN's businesses in the United States and provide an accounting for funds provided to and earned by AKN's businesses in the United States.

14. Immediately prior to the formation of the Agreement and in order to induce Plaintiff to enter into the Agreement, Defendant Mark Nezam Emtiaz represented that:

    a. Due to their relationship as brothers, Defendant Mark Nezam Emtiaz would protect and advance Plaintiff's interests in AKN group's businesses in the United States;

    b. Defendant Mark Nezam Emtiaz was ready, willing, and able to assist Plaintiff in the expansion of AKN group's businesses into the United States;

    c. Defendant Mark Nezam Emtiaz was ready, willing and able to act in good faith as a trustee for plaintiff who would hold for the benefit of plaintiff 85% of the ownership interest in AKN's companies in the United States, and that he would transfer such interest to Plaintiff upon request.

15. During the months and years from and after the date the Agreement was made, and during the times when the herein described transfers of funds were made, whenever the matter was discussed between plaintiff and Defendant Mark Nezam Emtiaz, said defendant represented that he was holding and would hold 85% of the interest in AKN's U.S. companies in trust for the benefit of Plaintiff, and that he would transfer the 85% interest to Plaintiff when Plaintiff requested him to do so.

16. No express trust instrument in relation to Plaintiff's 85% interest was signed because Plaintiff trusted that his older brother would not betray his younger brother, and believed that Defendant Mark Nezam Emtiaz would transfer the 85% interest to Plaintiff when asked to do so. Plaintiff reposed full confidence in his brother, Defendant Mark Nezam Emtiaz, and the herein described transfers of funds and holding of the ownership interred in the AKN companies, were made because of, and in the context of, a fiduciary relationship that existed between Plaintiff and Defendant Mark Nezam Emtiaz.

17. Pursuant to the Agreement, Defendant Mark Nezam Emtiaz formed AKN companies in the United States, incorporating in September 2003 defendant Pacific World Trade Inc., forming in February 2006 defendant Pacific World Investments LLC, defendant Pacific World Marine LLC, defendant Pacific World Holdings LLC, defendant Pacific World Properties LLC, and forming in March 2007 defendant Pacific World Discovery LLC.

18. Between August 2003 and January 2007, Plaintiff transferred $11,363,976.00 through his AKN companies (Iran, Dubai & Singapore) to Defendant Mark Nezam Emtiaz personally and/or to one or more of the AKN companies in the United States (defendants Pacific World Trade Inc., Pacific World Investments LLC, Pacific World Marine LLC, Pacific World Holdings LLC, Pacific World Properties LLC, and Pacific World Discovery LLC). The AKN companies were acting as the agent of Plaintiff in transferring the monies. In all, Plaintiff loaned and transferred the following sums in reliance on Defendant Mark Nezam Emtiaz's agreement and representations:

|    | date       | amount      |
|----|------------|-------------|
| 1  | 08.04.2003 | $15,000.00  |
| 2  | 08.21.2003 | $20,000.00  |
| 3  | 12.26.2003 | $15,000.00  |
| 4  | 01.01.2004 | $500.00     |
| 5  | 03.02.2004 | $15,000.00  |
| 6  | 05.11.2004 | $20,000.00  |
| 7  | 07.11.2004 | $50,000.00  |
| 8  | 08.17.2004 | $25,000.00  |
| 9  | 09.11.2004 | $60,041.00  |
| 10 | 08.10.2004 | $65,000.00  |
| 11 | 11.09.2004 | $57,500.00  |
| 12 | 12.13.2004 | $55,000.00  |
| 13 | 01.15.2005 | $59,500.00  |

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

| | | |
|---|---|---|
| 14 | 01.23.2005 | $500.00 |
| 15 | 02.16.2005 | $50,000.00 |
| 16 | 12.10.2005 | $275.00 |
| 17 | 03.19.2005 | $52,000.00 |
| 18 | 04.15.2005 | $55,000.00 |
| 19 | 05.15.2005 | $57,000.00 |
| 20 | 06.13.2005 | $55,000.00 |
| 21 | 07.11.2005 | $60,000.00 |
| 22 | 08.15.2005 | $60,000.00 |
| 23 | 07.09.2005 | $100,000.00 |
| 24 | 08.29.2005 | $100,000.00 |
| 25 | 10.17.2005 | $2,225,000.00 |
| 26 | 11.17.2005 | $55,000.00 |
| 27 | 08.29.2005 | $100,000.00 |
| 28 | 12.21.2005 | $60,000.00 |
| 29 | 01.23.2006 | $59,980.00 |
| 30 | 02.12.2006 | $1,250,000.00 |
| 31 | 02.27.2006 | $78,000.00 |
| 32 | 03.11.2006 | $1,249,980.00 |
| 33 | 03.20.2006 | $1,250,000.00 |
| 34 | 04.19.2006 | $50,000.00 |
| 35 | 05.07.2006 | $118,700.00 |
| 36 | 05.31.2006 | $1,750,000.00 |
| 37 | 05.30.2006 | $750,000.00 |
| 38 | 06.14.2006 | $70,000.00 |
| 39 | 12.18.2006 | $700,000.00 |
| 40 | 01.10.2007 | $550,000.00 |
| TOTAL | | $11,363,976.00 |

19. None of these sums have been repaid, nor otherwise returned, to Plaintiff. Defendant Mark Nezam Emtiaz has failed to account to Plaintiff for the use of said funds.

**FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

20.  Plaintiff asked Defendant Mark Nezam Emtiaz for reports as to the operation of the AKN companies in the United States and to account for the funds that had been advanced to defendant Mark Nezam Emtiaz for the operation of such companies; beginning in or about February 2007, Defendant Mark Nezam Emtiaz failed to provide the reports or otherwise account for the funds, giving a variety of excuses for not sending the reports and repeatedly promising to send them to Plaintiff going forward.  Plaintiff accepted said defendant's promises and representations for the failure to provide regular reports.  Plaintiff trusted his brother and assumed that he would eventually follow through with his promises, as he did with his other brothers who ran his other entities.  It was only on or about February 2, 2011, when Defendant Mark Nezam Emtiaz wrote that transferring the shares "was not an option" that Plaintiff learned that Defendant Mark Nezam Emtiaz was renouncing his obligations to Plaintiff and was not intending to perform his obligations to Plaintiff.

21.  It was only in February, 2011, that Plaintiff discovered that Defendant Mark Nezam Emtiaz did not intend to perform his obligations and refused to abide by the terms of the trust and the Agreement to transfer to Plaintiff his 85% share in the AKN companies in the United States (defendants Pacific World Trade Inc., Pacific World Investments LLC, Pacific World Marine LLC, Pacific World Holdings LLC, Pacific World Properties LLC, and Pacific World Discovery LLC).

///
///
///
///
///
///
///
///

7

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## Claims

### First Cause of Action

### (Breach of Contract)

22. Plaintiff realleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 21.

23. The Defendants have received $11,363,976.00 from Plaintiff pursuant to the Agreement and have failed to comply with the terms on which the loan was given, entitling Plaintiff to demand repayment of the loan.

24. The Defendants have not repaid any part of the loan, and refuse to repay or account for any part of it. Plaintiff is entitled to immediate repayment of the loaned amounts.

25. Plaintiff has made a formal demand for an accounting of and for the return of the loan amounts, but the Defendants have refused comply with either demand.

26. Plaintiff is entitled to an immediate repayment of $11,363,976.00, being the loaned amount transferred to the Defendants, plus interest from the date repayment was demanded.

### Second Cause of Action

### (Common Count - Money Lent)

27. Plaintiff realleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 21.

28. Within the last four years, at Los Angeles, Los Angeles County, California, defendants, and each of them, became indebted to plaintiff in the principal sum of $11,363,976.00 for money lent to the defendants, and each of them.

29. Neither the whole nor any part of the same sum has been paid, though payment has been demanded, leaving a balance due, owing and unpaid to plaintiff in the principal sum of $11,363,976.00, together with interest thereon as provided

by law.

### Third Cause of Action

### (Common Count - Unjust Enrichment)

30. Plaintiff realleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 21.

31. Within the last four years, at Los Angeles, Los Angeles County, California, defendants, and each of them, became unjustly enriched at the expense of plaintiff, in the principal sum of $11,363,976.00.

32. Neither the whole nor any part of the same sum has been paid, though payment has been demanded, leaving a balance due, owing and unpaid to plaintiff in the principal sum of $11,363,976.00, together with interest thereon as provided by law.

### Fourth Cause of Action

### (Fraud and Deceit)

33. Plaintiff realleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 21.

34. Defendant Mark Nezam Emtiaz falsely misrepresented that if Plaintiff were to loan funds for investment in the United States that he would (1) account to Plaintiff for the use of the funds and would continue to do so on a regular basis, (2) incorporate certain corporations on behalf of Plaintiff to invest the loan monies, and to transfer 85% of the ownership in these corporations to Plaintiff on demand, and (3) ensure that the loan amounts would be repaid on demand.

35. Defendant Mark Nezam Emtiaz knew that those representations were false when he made them, or made them recklessly without regard for their truth. Defendant Mark Nezam Emtiaz made those false representations with an intent for Plaintiff to rely on them, and to induce Plaintiff to make transfers of funds.

36. Plaintiff reasonably and justifiably relied on Defendant Mark Nezam Emtiaz's representations and has suffered loss as a result by transferring

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

1  $11,363,976.00 in funds without getting anything in return.

2      37.   Defendant Mark Nezam Emtiaz's false and fraudulent representation
3  constituted the tort of fraudulent deceit as defined in Civ. Code, §§ 1709 and
4  1710.

5      38.   The Plaintiff did not discover or become aware that Defendant Mark
6  Nezam Emtiaz's representation was false and fraudulent until on or about February
7  2011, when Defendant Mark Nezam Emtiaz refused to acknowledge the parties'
8  agreement, and their trust and loan arrangement.

9      39.   Defendant Mark Nezam Emtiaz acted oppressively, maliciously, with
10 a conscious disregard of the rights of others, and with the intent to defraud, harass,
11 and annoy plaintiff, and Plaintiff is therefore entitled to punitive damages
12 according to proof.

### Fifth Cause of Action
### (Breach of Fiduciary Duty)

15     40.   Plaintiff realleges and reincorporates by reference herein the
16 allegations contained in paragraphs 1 through 21.

17     41.   Plaintiff, in transferring these sums of money and allowing Defendant
18 Mark Nezam Emtiaz to hold his interest in the AKN companies in the U.S.,
19 reposed full confidence in his brother, Defendant Mark Nezam Emtiaz. These
20 transfers and holding of the ownership interred in the AKN companies, were made
21 because of, and in the context of, a fiduciary relationship that existed between
22 Plaintiff and Defendant Mark Nezam Emtiaz.

23     42.   Defendant Mark Nezam Emtiaz has breached and abused the
24 fiduciary relationship and has breached his duties as a fiduciary by failing to use
25 the money for the purpose and in the manner for which it was transferred, and by
26 failing to account for the use of those funds. Defendant Mark Nezam Emtiaz has
27 also breached and abused the fiduciary relationship in refusing to transfer to
28 Plaintiff the Plaintiff's ownership interest in the AKN companies in the U.S..

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Instead, because Defendant Mark Nezam Emtiaz now refuses to acknowledge that Plaintiff has any interest in the AKN companies in the U.S., Defendant Mark Nezam Emtiaz has used Plaintiff's money for his own profit and personal advantage.

43. Defendant Mark Nezam Emtiaz's breach of fiduciary duty has caused Plaintiff damage and loss.

## Sixth Cause of Action
### (Breach of Trust - Specific Performance)

44. Plaintiff realleges and reincorporates by reference herein the allegations contained in paragraphs 1 through 21.

45. Defendant Mark Nezam Emtiaz agreed that in return for Plaintiff transferring funds pursuant to the Agreement, that Plaintiff would have a 85% ownership interest in the AKN companies in the United States (defendants Pacific World Trade Inc., Pacific World Investments LLC, Pacific World Marine LLC, Pacific World Holdings LLC, Pacific World Properties LLC, and Pacific World Discovery LLC). Defendant Mark Nezam Emtiaz's refusal to transfer the 85% ownership interest in these companies to Plaintiff constitutes a breach of trust.

46. Defendant Mark Nezam Emtiaz holds this 85% ownership interest in trust for Plaintiff and must be compelled to transfer this interest to Plaintiff.

## Request for Relief

WHEREFORE, Plaintiff respectfully requests the following relief:

1. On the contract and common count causes of action, damages of $11,363,976.00;

2. On the fraud and breach of fiduciary duty causes of action, damages according to proof;

3. On the specific performance cause of action, an order directing Defendant Mark Nezam Emtiaz to transfer the 85% ownership interest in Pacific World Trade Inc., Pacific World Discovery LLC, Pacific World Marine LLC,

Pacific World Properties LLC, Pacific World Investments LLC, and Pacific World Holdings LLC. to Plaintiff;

    4.    Interest on all the monetary sums above;

    5.    Costs of suit; and

    6.    Such other relief as the Court deems just and equitable.

DATED: July 19, 2013

Stephen H. Krumm
Attorney at Law

By: /S/ *Stephen Krumm*
Stephen H. Krumm

## Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of this action.

DATED: July 19, 2013

Stephen H. Krumm
Attorney at Law

By: /S/ *Stephen Krumm*
Stephen H. Krumm

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL